CUSTODY OF DEBORAH.[1] No. 91-P-425. August 3, 1992. *Minor*, Custody. *Moot Question. Practice, Civil*, Moot case.

This is an appeal by Deborah's father from a November, 1990, order finding him currently unfit to care for his daughter and committing her to the permanent custody of the Department of Social Services (DSS). The judge, in his well-reasoned memorandum, also found Deborah's mother currently unfit and unable to protect the child from her live-in male companion. Only the father has appealed.

Because the order, among other things, provided for weekly supervised visits of Deborah with her father, for her father to enter into a service plan with DSS, for the scheduling of a dispositional hearing "to facilitate planning for [Deborah's] future," as well as for further review by the court on February 6, 1991, we asked counsel, although they had submitted on brief, to appear before us.

We learned that on December 13, 1991, the judge had made new findings that the father was currently fit as a parent to care for Deborah, and had ordered that the father have physical custody of the child. Counsel had not informed this court of these subsequent findings. This failure is

_____

[1]The name of the child is fictitious.

inappropriate. The December, 1991, findings have rendered this appeal moot.

The review procedure under G. L. c. 119, § 26, differs from the ordinary case. It is usually necessary, after an appeal has been filed, to obtain leave from the appellate court before the lower court may enter a further order. See *Grubert* v. *Grubert*, 20 Mass. App. Ct. 811, 817 n.12 (1985); *Wilkinson* v. *Guarino*, 19 Mass App. Ct. 1021, 1023-1024 n.6 (1985). Even in cases where a further determination is considered a new proceeding, we have said that leave from the appellate court should be obtained because of "the serious possibility that a modification might render at least a portion of the appeal moot." *Doe* v. *Roe*, 32 Mass. App. Ct. 63,70 (1992).

The possibility of mootness also exists in custody cases. Although pursuant to G. L. c. 119, § 26, there is a statutory right to review the findings every six months *without* the need to obtain leave from an appellate court, it is incumbent upon all counsel (or pro se parties), where an appeal from an earlier decision is pending, to inform the appellate court of such further orders and memoranda as are entered in subsequent proceedings under c. 119, § 26. While the later findings will, of course, not be reviewed as on an appeal (unless they are in themselves the subject of an appeal and are consolidated with the prior appeal), they are necessary so that we can determine whether any of the issues before us on the prior appeal have become moot — as they have in the present case.

In this appeal, there is now no need to review the judge's November, 1990, finding that the father was then unfit. What is significant in custody cases is the current fitness of a parent, and the December, 1991, finding has rendered the earlier one moot.

*Appeal dismissed.*[2]

*Sharon Feigenbaum* for the father.
*Virginia A. Peel* for the Department of Social Services.
*Joseph K. Del Valle* for the minor.

---

[2]We have recently been notified (subsequent to oral argument) that the District Court has ordered the matter dismissed and the Appeals Court and the Probate Court to be so informed.